# jackson|lewis
Attorneys at Law

Representing Management Exclusively in Workplace Law and Related Litigation

Jackson Lewis P.C.
58 South Service Road
Suite 250
Melville, New York 11747
Tel 631 247-0404
Fax 631 247-0417
www.jacksonlewis.com

| | | | |
|---|---|---|---|
| ALBANY, NY | GRAND RAPIDS, MI | NAPA, CA | RALEIGH-DURHAM, NC |
| ALBUQUERQUE, NM | GREENVILLE, SC | NEW ORLEANS, LA | RAPID CITY, SD |
| ATLANTA, GA | HARTFORD, CT | NEW YORK, NY | RICHMOND, VA |
| AUSTIN, TX | HOUSTON, TX | NORFOLK, VA | SACRAMENTO, CA |
| BALTIMORE, MD | INDIANAPOLIS, IN | OMAHA, NE | SAINT LOUIS, MO |
| BIRMINGHAM, AL | JACKSONVILLE, FL | ORANGE COUNTY, CA | SAN DIEGO, CA |
| BOSTON, MA | LAS VEGAS, NV | ORLANDO, FL | SAN FRANCISCO, CA |
| CHICAGO, IL | LONG ISLAND, NY | OVERLAND PARK, KS | SAN JUAN, PR |
| CINCINNATI, OH | LOS ANGELES, CA | PHILADELPHIA, PA | SEATTLE, WA |
| CLEVELAND, OH | MEMPHIS, TN | PHOENIX, AZ | STAMFORD, CT |
| DALLAS, TX | MIAMI, FL | PITTSBURGH, PA | TAMPA, FL |
| DAYTON, OH | MILWAUKEE, WI | PORTLAND, OR | WASHINGTON, DC REGION |
| DENVER, CO | MINNEAPOLIS, MN | PORTSMOUTH, NH | WHITE PLAINS, NY |
| DETROIT, MI | MORRISTOWN, NJ | PROVIDENCE, RI | |

MY DIRECT DIAL IS: (631) 247-4661
MY EMAIL ADDRESS IS: TRIPPN@JACKSONLEWIS.COM

November 26, 2014

**VIA ECF, COURTESY COPY**
**BY FIRST CLASS MAIL**

The Honorable Carol Bagley Amon
Chief Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re: *Elaine Riddick, et al. v. CABS Home Attendants Service, Inc.*
          Case No.: 14-CV-6464

Dear Chief Judge Amon:

    As counsel for Defendant ("CABS"), we write pursuant to Rule 3(A) of Your Honor's individual practice rules to request a pre-motion conference and authorization to move for dismissal of Plaintiffs' Fair Labor Standards Act (FLSA) and New York Labor Law (NYLL, together with the FLSA the Wage Laws) claims pursuant to F.R.C.P. 12(b)(1) and (6). Plaintiffs are "companions" who are exempt from the Wage Laws and who do not properly allege an FLSA violation under recent Second Circuit precedent. Their work is not covered by the FLSA or, for the most part, the NYLL. Even if it were, resolution of Plaintiffs' NYLL claims requires interpretation of their collective bargaining agreement, and such claims are preempted by the Labor Management Relations Act (LMRA).

   A. **Background**

    Plaintiffs are home care workers for Defendant, a not-for-profit provider of home care services. Compl. ¶¶ 12,15. The allege – without specificity, as discussed below – that they were not compensated properly under the Wage Laws during 24-hour so-called "sleep-in" shifts.

   B. **Plaintiffs Fail to Plead FLSA Coverage**

    Plaintiffs' Complaint concedes that CABS is a "not for profit corporation . . . [which] runs a variety of social programs." Compl. ¶ 12. It then conclusorily alleges that CABS is an FLSA "enterprise affecting interstate commerce with annual revenues in excess of $500,000." *Id.* ¶ 17. This allegation parrots the requirement for FLSA enterprise coverage, and is not a factual allegation at all: it is a legal conclusion insufficient to allege that a non-profit devoted to running social programs is an enterprise engaged in commerce. *See generally Jacobs v. N.Y. Foundling Hosp.*, 483 F. Supp. 2d 251 (E.D.N.Y. 2007)(not-for-profit providing "providing foster care, adoption and family services" was not an enterprise engaged in commerce for purposes of FLSA) *aff'd by* 577 F.3d 93 (2d Cir. 2009).



The Honorable Carol Bagley Amon
USDC/EDNY
November 26, 2014
Page 2

### C. CABS Has Opted Out of NYLL Wage Order Coverage

Plaintiffs bring a statutory overtime claim under the New York Department of Labor's Wage Orders issued pursuant to the Labor Law. Compl. ¶¶ 55-60. However, CABS has opted out of Wage Order coverage pursuant to NYLL 652(b)(2). *See* Exhibit A hereto.[1] This cause of action must be dismissed.

### D. Regardless, Plaintiffs Fail To Allege A Cause Of Action For Unpaid Overtime Under The FLSA and NYLL

A trilogy of recent Second Circuit decisions has refined the overtime pleading requirements under the familiar *Twombly/Iqbal* standard, requiring that an overtime Plaintiff:

> allege overtime without compensation in a given workweek [and] allege with specificity a workweek in which they were entitled to but denied overtime payment . . . [this] standard . . . require[s] plaintiffs to draw on their memory and personal experience to develop factual allegations with sufficient specificity that they plausibly suggest that defendant failed to comply with its statutory obligations under the FLSA

*DeJesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 88-90 (2d. Cir. 2013)(internal quotations and citations omitted)(dismissing overtime claims under NYLL where the plaintiff alleged only that in "some or all weeks" she worked more than "forty hours" per week) *discussing Lundy*, 711 F.3d at 114 (2d Cir. 2013).[2] Here, Plaintiffs' allegations about purported overtime work (Compl. ¶¶ 18, 24-26) are wholly conclusory: they simply plead the length of their sleep-in shift (e.g. 24 hours), and then conclusorily plead that they "worked" all 24 hours.[3] Plaintiffs do not allege a single week in which they worked overtime. They fail to provide <u>any</u> factual context or content regarding their actual hours of work or work performed, and do not set forth any approximation of the number of unpaid overtime hours worked or wages due. *See DeJesus*, 726 F.3d at 87-89. This is woefully insufficient to state a plausible overtime claim.

### E. In Any Event, Plaintiffs Fail to Plead That They Are Not Exempt Companions Under the FLSA

Even if the Wage Laws applied to their work, Plaintiffs were and are exempt from minimum wage and overtime eligibility under Wage Laws because they was employed in domestic service employment to provide companionship. *See* 29 U.S.C. § 213(a)(15). Unlike Your Honor's (pre-*Lundy*) decision in *Lamur v. Sunnyside Cmty. Servs.*, 2012 U.S. Dist. LEXIS

---

[1] The Court can consider this New York Department of Labor correspondence in conjunction with the instant application. *Pension Benefit Guar. Corp. v. White Consol. Indus. Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993), *cert. denied*, 126 L. Ed. 2d 655, 114 S. Ct. 687 (1994)(on a motion to dismiss court may consider, *inter alia*, matters of public record and certain indisputably authentic documents).

[2] S*ee also Nakahata v. New York-Presbyterian Healthcare System, Inc.*, 723 F.3d 192 (2d Cir. 2013); *Boutros v. JTC Painting & Decorating Corp.*, 2013 U.S. Dist. LEXIS 86878 (S.D.N.Y. Jun. 19, 2013)(dismissing complaint in which the plaintiffs alleged that they regularly worked more than 40 hours in a week without providing further detail).

[3] In point of fact, Defendant complies with the longstanding rule regarding such shifts set forth in N.Y. Department of Labor opinion letters. *See* Exhibit B. Defendant does not raise this issue on the instant application.



113061 (E.D.N.Y. Aug. 8, 2012), in which the Court permitted similar claims to move past the Rule 12 stage because an otherwise exempt companion alleged that she did not "fall within the FLSA exemption because she spent more than 20 percent of her total weekly hours performing 'general household work,'" Plaintiffs here make no similar factual allegation, and plead only bona fide exempt companion duties. Compl. § 16; *Torres v. Ridgewood Bushwick Senior Citizens Homecare Council, Inc.*, 2009 U.S. Dist. LEXIS 33622 (April 22, 2009) (dismissing similar complaint despite generalized allegation that more than 50 percent of time worked was spent performing general household work). For this reason as well, the Complaint should be dismissed pursuant to Rule 12(b)(6).[4]

### F. Plaintiffs' NYLL Claims Are Preempted

Section 301 of the LMRA provides that "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce . . . may be brought in any district court of the United States having jurisdiction over the parties." 29 U.S.C. § 185(a). The resolution of any claim requiring interpretation of the collective bargaining agreement must be brought pursuant to Section 301, or Section 301 preempts that claim. In deciding whether Section 301 applies, the court must determine whether "resolving those claims would require the Court to interpret the terms of the CBA." *Johnson v. D.M. Rothman Co.*, 861 F. Supp. 2d 326, 332 (S.D.N.Y. 2012).

Here, Plaintiffs allege that they received specific amounts per shift pursuant to their CBA. Compl. ¶¶ 19,22. As noted above, Plaintiffs fail to allege or address in their Complaint how many hours they worked, or how many hours of work were expected within a shift. These issues will require interpretation of the CBA provisions addressing such assignment, and thus LMRA preemption applies. *Kaye v. Orange Reg'l Med. Ctr.*, 975 F. Supp. 2d 412, 424 (S.D.N.Y. 2013)(preemption did not apply to alleged failure to pay for non-compensable meal periods under NYLL because such claim required only "reference to" not "interpretation of" contractual provision).

* * * * * * * *

For all of these reasons, Defendant seeks this Court's permission to move to dismiss Plaintiffs' claims in their entirety. Counsel for Defendant is available for a conference with the Court to discuss these issues and an appropriate briefing schedule for the motion at Your Honor's convenience.

Respectfully submitted,

JACKSON LEWIS P.C.

Noel P. Tripp

NPT:dc
cc:   All counsel of record, *VIA ECF*

---

[4] For all these reasons, Plaintiffs' collective action allegations also are deficient.

# EXHIBIT A

04/12/06 WED 09:46 FAX ⌀002

George E. Pataki, Governor



NYS Department of Labor
**Workforce New York**
Put us to work for you

Linda Angello, Commissioner

March 7, 2006

William G. Pernisek, Managing Director
CABS Home Attendants Service, Inc.
545 Broadway
Brooklyn, New York 11206

Re: Statement of Not-Profitmaking Institution

Dear Mr Pernisek,

Enclosed is a copy of the original filing of the CABS Home Attendants Service Inc. dated January 31, 1980. There is no correspondence approving or disallowing this option. Therefore, the application had been approved.

If there are any further questions, please do not hesitate to contact me.

Very truly yours,

Pamala Friedman
Supervising Labor Standards Investigator

Enc.
PF/pff

COPY

Phone: (212) 352-8356 Fax: (212) 352-6189
PO Box 575, Mail Stop A, 345 Hudson Street, 6th Floor, New York, New York 10014

www.labor.state.ny.us

04/12/06 WED 09:46 FAX ⌨003

State of New York - Department of Labor  Division of Labor Standards

## STATEMENT OF NON-PROFITMAKING INSTITUTIONS (For Instructions, See Over)

1. OFFICIAL NAME OF INSTITUTION
CABS Home Attendant Service, Inc.
TELEPHONE NUMBER
212-643-1580

2. ADDRESS (INCLUDING STREET, CITY OR VILLAGE, COUNTY AND ZIP CODE)
815 Broadway, Brooklyn, New York 11206

3. OTHER NAMES BY WHICH INSTITUTION IS KNOWN, IF ANY
NONE

4. THE INSTITUTION NAMED ABOVE IS A ☐ CORPORATION; ☐ UNINCORPORATED ASSOCIATION; ☐ COMMUNITY CHEST; ☐ FUND ☐ FOUNDATION; ☐ OTHER (EXPLAIN)

4A. DATE ORGANIZED August 17, 1979    DATE FIRST HIRED EMPLOYEE(S) None Hired

5. THE INSTITUTION NAMED ABOVE WAS ORGANIZED AND IS OPERATED EXCLUSIVELY FOR ☐ EDUCATIONAL PURPOSES; ☐ RELIGIOUS PURPOSES; ☒ CHARITABLE PURPOSE; OTHER PURPOSES (EXPLAIN)

6. THE PRINCIPAL ACTIVITIES OF THE INSTITUTION ARE:
The principal activity of the corporation is to provide personal care services in accordance with 18 NYCRR, Section 505.14

7. NO PART OF THE NET EARNINGS OF THIS INSTITUTION INURES TO THE BENEFIT OF ANY PRIVATE SHAREHOLDER OR INDIVIDUAL. ☒ NO ☐ YES

CERTIFICATION BY NON-PROFITMAKING INSTITUTION FOR ELECTION OF STATUTORY MINIMUM RATE COVERAGE IN LIEU OF MINIMUM WAGE COVERAGE PURSUANT TO SECTION 652.3 OF THE MINIMUM WAGE ACT (For Instructions, See Over)

State of New York
                ss:
County of Kings

I, Adolfo G. Alayon, being duly sworn, do certify to the Industrial Commissioner of the State of New York as follows:

8. That I hold the position of President in CABS Home Attendant Service, Inc. (ENTER OFFICIAL NAME OF INSTITUTION) and that I am authorized to make this certification on behalf of said institution.

9. That the said institution is a non-profitmaking institution and was organized and is operated exclusively for religious, charitable or educational purposes.

10. That no part of the net earnings of said institution inures to the benefit of any private shareholder or individual.

11. That the said institution will pay and intends to continue to pay to each of its employees in every occupation a wage, exclusive of allowances, of not less than the hourly minimum rate prescribed and to be prescribed in Article 19 of the Labor Law.

12. That I have completed the foregoing Statement of Non-Profitmaking Institution and that all the information submitted thereon has been examined by me and is, to the best of my knowledge and belief, true, correct and complete.

Sworn to before me this 31st day of January, 19 82

ROSA M. YRIZARRY
NOTARY PUBLIC, STATE OF NEW YORK
No. 41-4374100
Qualified in Kings County of Queens
Commission Expires March 30, 19__

(SIGNATURE)

IA-315 (12-79)   (NOTARY PUBLIC)

# EXHIBIT B



**COUNSEL'S OFFICE**

STATE OF NEW YORK
**DEPARTMENT OF LABOR**
ONE MAIN STREET
BROOKLYN, NY 11201
(718) 797-7388

July 14, 1995

Berenice V. Figueredo, Esq.
Jackson, Lewis, Schnitzler & Krupman
Courthouse Plaza
60 Washington Street
Morristown, New Jersey  07960-6844

Re: Request for Opinion
Compensation of Home Health Aides

Dear Ms. Figueredo:

Your June 26, 1995 letter to Nancy G. Groenwegen, former Deputy Commissioner of Labor for Legal Affairs and Counsel, requests an opinion regarding various legal issues involved in the compensation of persons employed by your client to provide home health care services to persons with disabilities, who reside in the homes of such disabled persons. Some of these employees are foster care providers who provide services to a disabled individual residing in such employees' homes. Your letter assumes that all the employees described therein are exempted from minimum wage and overtime coverage under the Fair Labor Standards Act, pursuant to 29 U.S.C. §213(a)(15), as employees employed in domestic service employment to provide companionship services for individuals who (because of age or infirmity) are unable to care for themselves, as such terms are defined at 29 CFR Part 552.

You ask, first, whether New York "recognizes" the above-cited exemption under the Fair Labor Standards Act. The Minimum Wage Order for Miscellaneous Industries and Occupations, 12 NYCRR §142-2.2, which covers, inter alia, the home health care industry, provides, in pertinent part, as follows:

> An employer shall pay an employee for overtime at a wage rate of 1½ times the employee's regular rate in the manner and methods provided in and subject to the exemptions of sections 7 and 13 of 29 USC 201 et seq., the Fair Labor Standards Act of 1938, as amended; provided, however, that the exemptions set forth in

221-6X-DTE-(7/14/95)

section 13(a)(2) and (a)(4) of such act shall not apply. In addition, an employer shall pay employees subject to the exemptions of section 13 of the Fair Labor Standards Act, as amended, except employees subject to section 13(a)(2) and (a)(4) of such act, overtime at a wage rate of 1½ times the basic minimum hourly rate. [...]

Accordingly, persons subject to the above-cited exemption need not be paid for overtime at a wage rate of one and one-half their regular rate; however, such persons, if they come within the definition of "employee" as set forth in Section 651(5) of the Labor Law and 12 NYCRR §142-2.16, must be paid at least $4.25 per hour for regular hours worked and for overtime at a wage rate of one and one-half times the basic minimum hourly rate, i.e., $6.375.

You ask, next, whether New York follows the current enforcement practice of the United States Department of Labor with respect to the provisions of 29 CFR Part 552 in requiring that the home care agency and the disabled person who is the recipient of the home health care services be joint employers of the home health aide in order for such employee to come within the exemption set forth at 29 U.S.C. §213(a)(15). In determining whether an employee comes within an exemption from coverage under the Fair Labor Standards Act, New York defers to the policies and interpretations followed by the United States Department of Labor.

In connection with your inquiry, you should be aware that, pursuant to Section 651(5)(a) of the Labor Law and 12 NYCRR §142-2.16(c)(ii), persons who live in the home of an employer for the purpose of serving as a companion to a sick, convalescing or elderly person, and whose principal duties do not include housekeeping, are excluded from the definition of the term "employee" under the Minimum Wage Act and Orders, and are, accordingly, entirely exempted from minimum wage and overtime coverage under New York law. However, in a case involving home health aides employed by home care agencies under contract with the New York City Human Resources Administration to provide services to Medicaid recipients, the Supreme Court, Appellate Division, Second Department held that such persons are not subject to the above-cited New York "companion" exemption, as the Medicaid recipients in whose homes they lived were not "employers", they were not "companions", and their principal duties included housekeeping. [See, Settlement Home Care, Inc. v. Industrial Board of Appeals of the Department of Labor of the State of New York, 151 A.D.2d 580 (2d Dept. 1989).] The employees in issue in that case had been determined by the United States Department of Labor to come within the exemption set forth at 29 U.S.C. §213(a)15). Therefore, the fact that an employee comes within this exemption is not determinative of whether that employee comes within the analogous New York exemption.

221-6X-DTE-(7/14/95)

Accordingly, in further response to your questions regarding the existence of a joint employment relationship between the home care agency and the recipient of services (as employers) and the home health aide (as employee), New York does not consider the recipient of services in the circumstances set forth in your letter to be an "employer", and, therefore, the home health aide would be covered by New York minimum wage and overtime requirements. This is also partially responsive to your inquiry whether the home health aide can be excluded from the definition of "employee" under the New York Labor Law and Minimum Wage Orders if the home care agency is "merely the facilitator of the foster care relationship between the person with the disability and the home care worker". If the home care agency acts as the home health aide's employer and pays his or her wages, then such agency is not "merely a facilitator" and the home health aide is its employee. If, on the other hand, the home care agency is a licensed employment agency and places the home health aide in the home of the person with the disability (who pays the home health aide's wages and acts alone as his or her employer), then the home health aide is that person's employee and may be excluded from the definition of "employee" if the home health aide is a "companion" as defined under New York law and his or her principal duties do not include housekeeping.

You also ask a number of questions regarding the manner in which home health aides must be compensated. With regard to "live-in" home health aides, who reside in the home of the recipient of services, to the extent that such persons are required to remain "on call" in the recipient's home on a 24-hour-per-day basis, it is the policy of the New York State Department of Labor that such persons must be paid for no less than 13 hours for each such 24-hour period, provided that they are afforded eight hours for sleep and actually receive five hours of uninterrupted sleep, and that they are afforded three hours for meals. If a "live-in" home health aide does not receive five hours of uninterrupted sleep, the eight-hour sleep period exclusion is not applicable, and the home health aide must be paid for all eight hours in question. Similarly, if a "live-in" home health aide is not actually afforded three work-free hours for meals, the three-hour meal period exclusion is not applicable. If a "live-in" home heath aide is relieved of his or her duties for a defined period of time, whether by another home health aide or a relative of the disabled person, or because of the absence of the disabled person, and is free to leave the home of the disabled person, that home health aide need not be compensated for any such period. However, with the exception of the aforementioned sleep and meal period exclusions, a "live-in" home health aide must be compensated for all hours he or she is required to remain "on call" in the home of the disabled person, regardless of the amount of time spent in performing concretely defined tasks. The Department of Labor does not consider it feasible to record "actual hours of work" under these circumstances. A "live-in" home health aide must be paid at least $4.25 per hour for all hours deemed to be worked up to 44 hours in a workweek, and at least $6.375 per hour for all additional

221-6X-DTE-(7/14/95)

hours worked in a workweek. [The Department of Labor applies the 44-hour overtime threshold, set forth in 12 NYCRR §142-2.2 for a "residential employee" (defined at 12 NYCRR §142-2.1(d) as "one who lives on the premises of the employer") even though the disabled recipient of service is generally not the home health aide's employer.] The foregoing policies also apply to "live-in" home health aides who reside in the disabled person's home only on a particular weekend. With regard to non-"live-in" home health aides, who do not reside in the home of the disabled recipient of services, such persons must be paid at least $4.25 per hour for all hours up to 40 hours in a workweek, and at least $6.375 per hour for all additional hours in a workweek, during which such persons are required to remain "on call" in the recipient's home, regardless of the amount of time spent in performing concretely defined tasks, with the exception of time actually afforded for sleeping and eating.

    I trust that the foregoing is responsive to your inquiry. If you have any further questions, you may contact me at (718) 797-7310.

                          Very truly yours,

                          *Robert Ambaras*

                          Robert Ambaras
                          Senior Attorney

RA:ee