**jackson|lewis**
Attorneys at Law

Representing Management Exclusively in Workplace Law and Related Litigation

Jackson Lewis P.C.
58 South Service Road
Suite 250
Melville, New York 11747
Tel 631 247-0404
Fax 631 247-0417
www.jacksonlewis.com

| | | | |
|---|---|---|---|
| ALBANY, NY | GRAND RAPIDS, MI | NAPA, CA | RALEIGH-DURHAM, NC |
| ALBUQUERQUE, NM | GREENVILLE, SC | NEW ORLEANS, LA | RAPID CITY, SD |
| ATLANTA, GA | HARTFORD, CT | NEW YORK, NY | RICHMOND, VA |
| AUSTIN, TX | HOUSTON, TX | NORFOLK, VA | SACRAMENTO, CA |
| BALTIMORE, MD | INDIANAPOLIS, IN | OMAHA, NE | SAINT LOUIS, MO |
| BIRMINGHAM, AL | JACKSONVILLE, FL | ORANGE COUNTY, CA | SAN DIEGO, CA |
| BOSTON, MA | LAS VEGAS, NV | ORLANDO, FL | SAN FRANCISCO, CA |
| CHICAGO, IL | LONG ISLAND, NY | OVERLAND PARK, KS | SAN JUAN, PR |
| CINCINNATI, OH | LOS ANGELES, CA | PHILADELPHIA, PA | SEATTLE, WA |
| CLEVELAND, OH | MEMPHIS, TN | PHOENIX, AZ | STAMFORD, CT |
| DALLAS, TX | MIAMI, FL | PITTSBURGH, PA | TAMPA, FL |
| DAYTON, OH | MILWAUKEE, WI | PORTLAND, OR | WASHINGTON, DC REGION |
| DENVER, CO | MINNEAPOLIS, MN | PORTSMOUTH, NH | WHITE PLAINS, NY |
| DETROIT, MI | MORRISTOWN, NJ | PROVIDENCE, RI | |

MY DIRECT DIAL IS: (631) 247-4661
MY EMAIL ADDRESS IS: TRIPPN@JACKSONLEWIS.COM

January 19, 2015

**VIA ECF**

The Honorable Carol Bagley Amon
Chief Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re: *Elaine Riddick, et al. v. CABS Home Attendants Service, Inc.*
          Case No.: 14-CV-6464

Dear Chief Judge Amon:

    Defendant submits this letter in response to Plaintiffs' Amended Complaint (DKT 9, "FAC") and renews its application to move to dismiss in accordance with the Court's Order. (DKT 7). Plaintiffs' FAC does not cure the deficiencies in Plaintiffs' prior pleading, or otherwise plead a viable cause of action.[1]

  **I.**  **Plaintiffs Do Not Plead an FLSA Claim**

    Plaintiffs' additions repeat the legal deficiencies in Plaintiffs' original Complaint as identified in Defendant's prior application. *See* DKT 7 at Sections B, D and E. The FAC alleges that:

- "Defendant's employees, agents and servants used" instrumentalities in interstate commerce. FAC ¶ 17;
- "Plaintiffs worked throughout the entirety of their [twenty-four hour] shifts." FAC ¶ 20; and,

---

[1] As a threshold matter, Defendant notes that Plaintiffs' FAC does not comply with FRCP 15, as it was not filed within 21 days of the filing of the original Complaint, or Defendant's response thereto. *See* FRCP 15(a)(1). Given the preliminary stage of these proceedings, Defendant does not object to the filing on that basis, but reserves all rights with respect to the claims and parties identified therein, and observes that such non-compliance increases the costs associated with litigation.



The Honorable Carol Bagley Amon
United States District Court - Eastern District of New York
January 19, 2015
Page 2

- "On information and belief,[2] Plaintiffs performed general housekeeping and house cleaning for more than 20% of their hours worked each week." FAC ¶ 25.

Plaintiffs' conclusory modifications simply track the elements of the FLSA claim, namely: 1) the applicability of enterprise coverage to Defendant's non-profit operation; 2) the working of uncompensated overtime; and, 3) non-applicability of the companionship exemption to overtime due to alleged violation of the "20% rule."[3] They do not identify any specific week in which uncompensated overtime was worked, what work was performed, for which patient/consumer, how Defendant knew or should have known that it was performed, etc. In other words, they are "devoid of any detailed factual information from which the Court could reasonably infer that [Plaintiffs] worked more than forty hours in any 'given' work week . . . [and] do nothing more than conform to the 'all-purpose pleading template alleging overtime in some' workweeks forbidden by [the Second Circuit's decision in] *DeJesus*." *Casci v. Nat'l Fin. Network, LLC*, 2015 U.S. Dist. LEXIS 1500 (E.D.N.Y. Jan. 7, 2015).[4]

## II. Plaintiffs' FAC Does Not Address The Absence of Labor Law Coverage

Defendant opted out of New York Labor Law coverage pursuant to Section 652(3)(b). DKT 7 at Section C and Ex. A thereto. The FAC does not address this issue. As previously noted, Counts Four (NY Labor Law Overtime) and 5 (Spread of Hours) of the FAC must be dismissed on that basis. Nothing in the FAC cures these deficiencies.

## III. Plaintiffs Do Not Plead A Contract Theory

The FAC's newly-added cause of action, couched as a third-party beneficiary claim, is deficient because, *inter alia*, Plaintiffs do not properly allege uncompensated hours. This claim also fails on its own terms. *Marshall v. Hyundai Motor America*, 2014 U.S. Dist.

---

[2] Why such allegation, reflecting information presumably within Plaintiffs' possession, is brought "upon information and belief" is unclear.

[3] This conclusory modification, in the face of Defendant's identification of the absence of such a claim in the prior Complaint, rings particularly hollow. *See Gasoline Sales, Inc. v. Aero Oil Company*, 39 F.3d 70, 74 (3d Cir. 1994) (affirming district court's refusal to grant leave to amend noting "[Plaintiff] is not seeking to add claims it inadvertently omitted from its prior complaints or which it did not know about earlier. Rather [plaintiff] is modifying the allegations in hopes of remedying factual deficiencies in its prior pleadings").

[4] The Industrial Board of Appeals - the arm of the New York Dept. of Labor which sits in review of NYSDOL investigations – has upheld the 13-hour rule (DKT 7 at Ex B), noting that an "almost limitless array of circumstances" can arise in the course of this employment setting. *Matter of Settlement Home Care Inc., et al.*, Industrial Board of Appeals Case No. PR-32-83 (May 28, 1997)(attached as Exhibit A). To state a claim, Plaintiffs must do more than conclusorily allege that they worked 24 hours in each and every such shift.



The Honorable Carol Bagley Amon
United States District Court - Eastern District of New York
January 19, 2015
Page 3

LEXIS 139400, at *38-40 (S.D.N.Y. Sept. 30, 2014)(failure to plead elements of third party beneficiary claim warranted dismissal).

* * * * * * * *

For the foregoing reasons, Defendant respectfully requests permission to move to dismiss the Amended Complaint, and looks forward to discussing these issues with the Court.

Respectfully submitted,

JACKSON LEWIS P.C.

Noel P. Tripp

NPT:dc

cc:   All counsel of record, *VIA ECF*

# EXHIBIT A

STATE OF NEW YORK
INDUSTRIAL BOARD OF APPEALS

Evelyn C. Heady
*Chairman*

Dr. Marie Johnson Wittek · Member
Robert L. Marinelli · Member
Clifford M. Barber · Member



Peter Crotty
*Counsel*

EMPIRE STATE PLAZA
AGENCY BUILDING 2, 20TH FLOOR
ALBANY, NEW YORK 12223

STATE OF NEW YORK
INDUSTRIAL BOARD OF APPEALS

------------------------------------------------x

In the Matter of the Petition of:

SETTLEMENT HOME CARE, INC. and : Docket No. PR-32-83

HUMAN RESOURCES ADMINISTRATION OF THE CITY : Docket No. PR-33-83
OF NEW YORK AND THE CITY OF NEW YORK,

CHRISTIAN COMMUNITY ACTION, INC. and : Docket No. PR-71-83

HUMAN RESOURCES ADMINISTRATION OF THE CITY : Docket No. PR-72-83
OF NEW YORK AND THE CITY OF NEW YORK,

CABS HOME ATTENDANTS SERVICES, INC. and : Docket No. PR-4-84

HUMAN RESOURCES ADMINISTRATION OF THE CITY : Docket No. PR-5-84
OF NEW YORK AND THE CITY OF NEW YORK,

 Petitioners,

-against-

THE COMMISSIONER OF LABOR,

 Respondent,

-and-

LOCAL 32B-32J-144, SERVICE
EMPLOYEES INTERNATIONAL UNION,
ALF-CIO,

 Intervenor.

------------------------------------------------x

Re:  PR-32-83, PR-33-83, PR-71-83,
     PR-72-83, PR-4-84, PR-5-84

-2-

## RESOLUTION OF DECISION

WHEREAS:

1.  The above proceedings were duly commenced by the filing of Petitions for review with the Board pursuant to Labor Law Section 101 and Respondent's Answers thereto was duly served and filed; and

2.  Pursuant to Board Rule 65.7, Leave to Intervene as a party herein was granted by the Board to Local 32-B-32J-144, Service Employees International Union, AFL-CIO; and

3.  Pursuant to Board Rule 65.44, and upon the Board's own motion the proceedings were consolidated for purposes of hearing and determination; and

4.  Upon notice by the Board to the parties, a consolidated hearing was scheduled and held in the Board's New York City Offices;

5.  The parties were present during the course of the consolidated hearing and were provided sufficient opportunity to present documentary evidence, to examine and cross-examine witnesses and to make statements relevant to the issues in the proceeding; and

6.  The Notices of Violation under Review herein were issued by Respondent to Petitioners, Settlement Home Care, Inc., ("SHC"), Christian Community in Action, Inc., ("CCA") and CABS Home Attendants Services, Inc. ("CABS") and allege a failure to pay minimum wages in amounts claimed due to named employees. In addition, the Notices affirmatively assert that the named employees, employed by the vendor Petitioners as sleep-in home attendants, are not excluded under Labor Law Section 651.5(a).

Petitioners, City of New York ("NYC") and Human Resources Administration of the City of New York ("HRA") are responsible for administration of a vendor program providing, among other home care services, sleep-in home attendants to Medicaid eligible clients and petitioned the Board for review of the Notices issued to SHC, CCA and CABS; and

7.  The parties and the Board agreed to a bi-furcation so that initial hearings and an adjudication by the Board would address the jurisdictional issue raised concerning coverage of the sleep-in home attendants under Labor Law Section 651.5(a).

Re:  PR-82-82, PR-33-83, PR-71-83,
     PR-72-83, PR-4-84, PR-5-84

-3-

By Resolution of the Board, dated February 19, 1987, the subject notices were affirmed solely with respect to the jurisdictional issued raised and such determination was affirmed upon judicial review in July 1989. The bi-furcated proceeding resumed before the Board with respect to the remaining issues presented herein and this Resolution of Decision addresses the Board's determination thereon, and

8. The Board having given due consideration to the pleadings, the documents and all of the papers filed herein, makes the following findings of fact and law pursuant to the provisions of Board Rule 65.39 (12 NYCRR 65.39);

   a) The Notices of Violation at issue herein were issued upon a determination by Respondent that certain of the vendor Petitioner's employees were assigned to twenty-four hour duty shifts as sleep-in home attendants and that they were not being paid in accordance with the Minimum Wage Act. Specifically, Respondent determined the violations based upon the employees having been compensated for twelve-hours of work while being in the homes of the Medicare recipients to whom they were assigned on a twenty four hour basis. Respondent computed a minimum wage underpayment set-forth in schedules attached to the Notices on the basis of a thirteen or in some cases a fourteen and one-half hour work day, allowing the Petitioners credit for eight-hours sleep time and three or three and one-half hours meal time per duty shift.

   Certain modifications and corrections to the alleged amount of wage underpayment were made and stipulated to by Respondent during the course of this proceeding.

   b) The Petitioners herein challenge the validity and reasonableness of the subject Notices and the nature and scope of the underlying investigation conducted by Respondent.

   In relevant summary, the Petitioners deny that any minimum wage underpayment is due to the sleep-in home attendants and contend that the said employees were not assigned or required to work more than the twelve-hours per day for which they were paid.

   Petitioners further contend that there exists no proper or reasonable basis for Respondent's determination that the named employees were entitled to compensation for a thirteenth or fourteenth hour of employment per shift.

    Intervenor likewise challenges Respondent's investigation and determination. In relevant summary, Intervenor contends herein that sleep-in home attendants are required to be compensated for each hour they are on duty and that they must be compensated for twenty four hours of work per day.

    Respondent contends that the Notices of Violation and the minimum wage computation, as modified herein, are proper and reasonable in all respects.

c)   We find that this record fails to establish any factual or legal support for the Notices of Violations or the minimum wage computations set forth therein.

    1.   This record discloses that Respondents admittedly limited investigation and use of estimations in establishing an industry-wide formula fails on a number of grounds. No direct evidence is presented herein establishing that a discernable employment pattern was either disclosed or utilized as a result of the underlying investigation. Virtually no industry input was afforded or considered and no record exists that Respondent undertook any direct employer/employee interviews prior to reaching a conclusion. Respondent appears to have relied almost exclusively upon a narrow and limited questionnaire mailing to home care attendants (many of whom were not sleep-in home attendants) and this record casts serious doubt on whether even that process was utilized in reaching the resultant determination.

    2.   As with the underlying investigation, we also find that the weight of acceptable evidence presented herein fails to establish a discernable work pattern for the sleep-in home attendants.

    At the hearings held herein, a fairly representative number of sleep-in home attendants were called to testify concerning their day-to-day work experiences. In light of the almost limitless array of circumstances presented concerning the individuals and working environments involved, it is not surprising that the said evidence established wide and broad ranging points of view. We are unable to discern any work pattern from such testimony and respectfully conclude that it may just not be possible to do so.

Re: PR-32-83, PR-33-83, PR-71-83,
PR-72-83, PR-4-84, PR-5-84

-5-

3. Given the residential setting and the demonstrated dedication of service with in which certain sleep-in home attendants performed their duties, it appears that from time-to-time such employees would have performed services beyond the twelve-hours allotted to the program.

However, based upon the cumulative weight of the body of evidence presented herein, we do not find that this record sustains the subject violations. Rather, this record demonstrates and we so find, that the subject employees were hired, expected and required to work at an agreed rate for twelve-hour shifts per day; that the assignments under this program were made and monitored to assure that no more than twelve-hours were required; that no medical monitoring or other medically related services were required or permitted to be performed by the subject attendants; that the subject attendants were not required to remain continuously present to the care and attention of the client and that they were permitted and had uninterrupted sleep, meal and free time. As regards these factors, we note that where the condition of the client required a higher level of care, with a correspondingly higher level of time and attention required, a split-shift of two attendants on a twelve-hour basis was used in place of a sleep-in home attendant.

4. Lastly, we reject Intervenor's contentions that the subject sleep-in home attendants were required to work and should be compensated on a twenty-four hour per shift basis. In addition to failing to find sufficient basis therefor in this record, we find and hold as a matter of law that the Board is precluding from making such determination in this proceeding.

Within the statutory language of Labor Law Section 101, the Board's jurisdiction in this proceeding extends to a review and determination concerning the validity and reasonableness of the subject Notices of Violation issued by Respondent.

Re:   PR-32-83, PR-33-83, PR-71-83,
      PR-72-83, PR-4-84, PR-5-84

-6-

> Intervenor did not Petition the Board for a review of the subject Notices. Accordingly, we lack jurisdiction to review and make a determination beyond the subject Notices and Intervenor is barred from independently raising issues in this proceeding.

d)   For the reasons stated above, we conclude that the Notices of Violation under review herein should be revoked in all respects. The Petitions for review filed herein should be granted on the merits.

NOW, THEREFORE, IT IS HEREBY

RESOLVED:

That the Notices of Violation under review herein be and the same hereby are revoked in all respects. The Petitions for review are granted on the merits.

*[signature]*
Evelyn C. Heady, Chairman

*[signature]*
Robert L. Marinelli, Member

*[signature]*
Clifford M. Barber, Member

Dated and Filed in the Office
of the Industrial Board of
Appeals, at Albany, New York,
on May 28, 1997.